UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| MICHAEL S. HOLLANDER<br>3140 Holmes Run Road<br>Falls Church, VA 22042<br><br>   Plaintiff,<br><br>v.<br><br>GAREDEW DAGEMAWI<br>2112 Dexter Avenue Apt 201<br>Silver Spring, MD 20902<br><br>and<br><br>GOVERNMENT EMPLOYEES<br>  INSURANCE COMPANY<br>Serve: Registered Agent<br>Seth Ingall, Esquire<br>962 Wayne Avenue, Suite 200<br>Silver Spring, MD 20910<br><br>   Defendants. | CASE NO.<br><br>Judge: |

## COMPLAINT

1. The jurisdiction of the Court is invoked pursuant to Title 28, U.S.C. §1332 and the diversity of citizenship of the parties herein.

  a. Plaintiff Hollander is a citizen of the Commonwealth of Virginia.

  b. Defendant Dagemawi is a citizen of the State of Maryland.

  c. Defendant Government Employees Insurance Company ("GEICO") is a corporation organized under the laws of the State of Maryland and having its principal place of business in the State of Maryland.

1

d. The amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars.

This cause of action arises out of a pedestrian- motor vehicle collision which occurred in Washington, D.C. and a breach of the underinsured motorist provisions of a automobile liability insurance policy issued by GEICO under which plaintiff was an insured at the time of the collision.

## COUNT I
### (Negligence)

1. On or about June 15, 2013 at approximately 3:00 a.m., Plaintiff was lawfully walking southbound on 18th Street across L Street NW in the painted crosswalk that joined the Northeast corner to the Southeast corner at the intersection in Washington, D.C.

2. At the time and place aforesaid, Defendant Dagemawi was operating his taxicab eastbound on L Street in a negligent and careless manner and in violation of the rules of the road of the District of Columbia intending to pass through the intersection.

3. Defendant Dagemawi failed to give full time and attention to his driving, failed to yield the right of way, failed to keep a proper lookout and to control his taxicab so as to prevent striking pedestrians upon the roadway.

4. As a result of the negligence aforesaid, Defendant Dagemawi's taxicab collided with the Plaintiff causing suffer severe, painful and permanent injuries, hospitalization and surgery for injuries to his body and lower extremities, and caused the plaintiff to incur and will continue to incur expenses for medical care and treatment, and has suffered loss of income and earning capacity, and other assorted items of damages recoverable at law.

WHEREFORE, Plaintiff Hollander seeks judgment against Defendant Dagemawi, jointly and severally, in the amount of **Five Hundred Thousand ($500,000.00) Dollars**, plus costs of

this suit and interest.

## COUNT II
## (BREACH OF CONTRACT)

5. The facts and allegations in the preceding paragraphs are incorporated by reference.

6. At all times relevant to this complaint, the vehicle owned by Defendant Dagemawi was covered under an automobile liability insurance policy that provided inadequate liability coverage to compensate for the significant damages incurred by the Plaintiff in the June 15, 2013 vehicle collision.

7. At all times relevant to this complaint, the Plaintiff was an insured under an automobile insurance policy, Policy No. 0385-20-75-02 issued to Mary Hollander by Defendant Government Employees Insurance Company, hereafter "GEICO."

8. GEICO Policy No. 0385-20-75-02 /23, hereafter referred to as "the policy," provided underinsured motorist coverage in the amount of $100,000 for person and $300,000 per occurrence, in the event that a covered insured suffered death or bodily injury caused by an underinsured motorist.

9. As a result of the June 15, 2013 collision, Plaintiff suffered serious traumatic fractures necessitating surgery and otherwise suffered damages exceeding the Dagemawi policy limits and entitling Plaintiff to underinsured motorist provisions under GEICO Policy No. 0385-20-75-02 /23.

10. The Plaintiff has made demand for the policy limits of the Dagemawi insurance policy, the tender of which would satisfy the conditions precedent under the underinsured motorist coverage of the GEICO policy.

11. Plaintiff has submitted verification of his damages resulting from the June 15,

2013 collision to GEICO and has otherwise satisfied the conditions precedent required for underinsured motorist benefits.

12. GEICO is contractually liable to compensate the Plaintiff under the underinsured motorist coverage of its policy, but has failed and refused to pay for the benefits to which Plaintiff is entitled under GEICO Policy No. 0385-20-75-02 /23.

WHEREFORE, Plaintiff demands judgment against the defendant, Government Employee's Insurance Company, in the sum of FIVE HUNDRED THOUSAND dollars ($500,000.00) plus costs of this suit, interest and attorney fees.

CHARLES C. PARSONS & ASSOCIATES, CHTRD.

*/s/ Charles C. Parsons*
Charles C. Parsons, Esq. [49254]
128 C Street, N.W.
Washington, D.C. 20001
(202) 638-3375
cparsons@cparsonslaw.com

*/s/ Charles Krikawa*
Charles Krikawa, IV, Esq. [271981]
128 C Street, N.W.
Washington, D.C. 20001
(202) 638-3375
ckrikawa@cparsonslaw.com

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues herein.

*/s/ Charles C. Parsons*
Charles C. Parsons